Rob A. Rodriguez S.B.N. 224511
Stephen A. King S.B.N. 224683
Richard A. Apodaca S.B.N. 292294
RODRIGUEZ & KING, ATTORNEYS AT LAW
Empire Towers I
3633 Inland Empire Blvd., Suite 575
Ontario, CA 91764
Telephone: (909) 944-3777
Facsimile: (909) 944-5777

**Attorneys for Plaintiff**, Aquelina Farias

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**03/19/2015** at 05:13:12 PM
Clerk of the Superior Court
By Davon Velasquez,Deputy Clerk

RODRIGUEZ & KING ATTORNEYS AT LAW

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| AQUELINA FARIAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d.b.a. AMTRAK, a corporation; JOHN HERNANDEZ, an individual; COUNTY OF ORANGE, a public entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No.:** 30-2015-00778151-CU-HR-CJC<br>Judge Craig Griffin<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT<br>2. QUID PRO QUO SEXUAL HARASSMENT<br>3. FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT;<br>4. ASSAULT AND SEXUAL BATTERY<br>5. FALSE IMPRISONMENT<br>6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>7. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>8. NEGLIGENT HIRE, SUPERVISION, AND RETENTION<br>9. NEGLIGENCE<br>10. VIOLATION OF THE BANE ACT<br><br>**DEMAND FOR A JURY TRIAL** |

**TO THE DEFENDANT, THEIR ATTORNEYS, AND THIS COURT:**

Plaintiff, AQUELINA FARIAS (hereinafter referred to as "Plaintiff" or "MS. FARIAS") complains and alleges against Defendants, NATIONAL RAILROAD PASSENGER

CORPORATION (hereinafter "AMTRAK"), JOHN HERNANDEZ (hereinafter "HERNANDEZ"), and COUNTY OF ORANGE (hereinafter "County of Orange"), DOES 1 through 10 ("DEFENDANTS"), inclusive, and each of them as herein stated.

**I.**

**JURISDICTION**

1. The jurisdiction is proper in the Orange County Superior Court of the State of California under California Civil Procedure Section 410.10. Additionally, Ms. Farias is bringing this action under the California Fair Employment and Housing Act for violations of Government Code § 12940.

2. Venue is proper in the Central District, under *California Code of Civil Procedure* section 395(a), because the acts and omission out of which this action arises occurred within this County and venue and judicial district at or near Anaheim, California.

**II.**

**THE PARTIES**

3. Plaintiff, MS. FARIAS is now and, at all times relevant herein, was a resident of Orange County in the State of California.

4. Defendant, AMTRAK is an employer within the meaning of §12926, subdivision (D), of Cal. Gov. Code, and §12940, subdivisions (a), (j), and (k) of the Fair Employment and Housing Act (FEHA), and §12945. MS. FARIAS is informed and believes, and thereon alleges that AMTRAK was at all times mentioned herein, and now is, engaged in the business as a common carrier at or around Orange, California, located at 810 N. Alameda Street, Los Angeles, California 90012.

R&K RODRIGUEZ & KING ATTORNEYS AT LAW

5. Defendant, COUNTY OF ORANGE, is an employer within the meaning of §12926, subdivision (D), of Cal. Gov. Code, and §12940, subdivisions (a), (j), and (k) of the Fair Employment and Housing Act (FEHA), and §12945. MS. FARIAS is informed and believes, and thereon alleges that COUNTY OF ORANGE was at all times mentioned herein, and now is, a public entity that knowingly provided persons similarly situated to Plaintiff to complete community hours to AMTRAK, located at 333 W. Santa Ana Blvd., Suite 465, Santa Ana, CA 92701.

6. MS. FARIAS is informed and believes, and thereon alleges, that, HERNANDEZ was an employee, managing agent, had direct control of the manner and mode by which Plaintiff completed her job, and/or was a supervisor for AMTRAK, and was acting in said capacity at all times mentioned herein. HERNANDEZ is a resident of the city of Pomona, the State of California.

7. In doing the acts complained of herein, Defendant HERNANDEZ acted individually and as an agent, employee, supervisor, and/or managing agent of AMTRAK, and/or DOES 1 to 10, making them liable for HERNANDEZ' acts of unlawful harassment and discrimination. Defendant HERNANDEZ is also personally liable for his acts of unlawful harassment pursuant to Government Code § 12940.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants AMTRAK and/or DOES 1 through 10, are unknown to the Plaintiff at this time. Plaintiff therefore sues said Defendant DOES 1 through 10, by such fictitious names and will seek leave of court to amend this complaint to show their true names and capacities when the same are ascertained. Defendant DOES 1 through 10 are sued

R&K RODRIGUEZ & KING ATTORNEYS AT LAW

individually as well as in their capacity as principals and/or agents, servants and employees of said principals.

9. Defendants, AMTRAK, COUNTY OF ORANGE, and/or DOES 1 through 10, will be collectively referred to as "DEFENDANTS" as set forth hereafter in this Complaint.

10. MS. FARIAS alleges she was subjected to unlawful employment practices by DEFENDANTS, and each of them. MS. FARIAS files this complaint for damages against DEFENDANTS in their individual capacities, as well as their capacity as a corporation or public entity.

11. MS. FARIAS is informed and believes and alleges thereon that each of the fictiously named DEFENDANTS was, is, or will be responsible in some manner for the acts and events alleged herein. MS. FARIAS' injuries, both existing and prospective as alleged, were, are, and will be proximately caused by the acts of these DEFENDANTS.

12. MS. FARIAS is informed and believes and alleges thereon that DEFENDANTS, and each of them, including DOES 1 through 10, inclusive, and each of them, in doing the acts herein alleged, were acting as the agents, representatives, servants, employees, joint venturers, departments, divisions, corporations, or subsidiaries of each of the other DEFENDANTS and were acting within the course and scope of such employment and agency and/or joint venue with full knowledge and consent of each of the DEFENDANTS, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and/or hiring of each and every other Defendant as an agent, representative, servant, employee and/or joint venture.

13. DEFENDANTS, and each of them, did the acts and omissions hereinafter alleged in bad faith and with full knowledge that their conduct violated well established and settled cases and statutory law.

14. MS. FARIAS filed a complaint on September 9, 2014, with the Department of Fair Employment and Housing (DFEH) against all the DEFENDANTS.

15. MS. FARIAS received a Right-To-Sue Notice against all parties from DFEH, thereby exhausting her administrative remedies and permitting her to file a civil suit against DEFENDANTS. (See **Exhibit A** – Right to Sue Notice).

**III.**

**GENERAL ALLEGATIONS**

16. During September 2014, MS. FARIAS was completing community service hours at AMTRAK in Anaheim, California. At or around said time, the COUNTY OF ORANGE had assigned or agreed to provide workers, either by agreement or contract with AMTRAK, to provide workers to AMTRAK, such as Plaintiff. MS. FARIAS was offered to complete community service hours for AMTRAK by the COUNTY OF ORANGE and in return MS. FARIAS worked for AMTRAK completing various assignments and job duties.

17. At all relevant times, MS. FARIAS performed her duties for AMTRAK in a satisfactory manner. At all times mentioned herein, MS. FARIAS was supervised by HERNANDEZ who was the supervisor, manager, and/or delegating agent at AMTRAK.

18. On or about September 11, 2014, during the course of employment, HERNANDEZ called MS. FARIAS into the baggage room at AMTRAK's Anaheim station. MS. FARIAS felt threatened and uncomfortable by HERNANDEZ and interpreted his body

R&K RODRIGUEZ & KING ATTORNEYS AT LAW

language and looks to be hostile and unrelated to work. Once MS. FARIAS was in the baggage room, HERNANDEZ proceeded to close the door behind him, leaving MS. FARIAS with no exit path.

19. MS. FARIAS begged HERNANDEZ to not close the door because she was scared, but HERNANDEZ insisted that he needed waned to "speak to [her]."

20. Once the door was closed, HERNANDEZ propositioned MS. FARIAS for sex and in exchange he would sign off on her community service hours. MS. FARIAS told HERNANDEZ she was not interested in his advances and that she wanted him to open the door and let her leave the room.

21. HERNANDEZ refused to let MS. FARIAS leave the room and engaged in the following unwelcome sexual conduct toward MS. FARIAS, which was severe and pervasive, and which included comments and conduct, including but not limited to the following:

a. Grabbing MS. FARIAS' buttocks;

b. Grabbing MS. FARIAS' hands and waist;

c. Grabbing MS. FARIAS' vagina;

d. Smelling his fingers and hand after touching MS. FARIAS' vagina;

e. Forcibly hugging and kissing MS. FARIAS'; and

f. Making sexually suggestive comments towards MS. FARIAS.

22. During the course of HERNANDEZ' sexual advances, MS. FARIAS pulled herself away from HERNANDEZ, pushed HERNANDEZ, and told HERNANDEZ that she was not interested.

23. At said time, MS. FARIAS was threatened by HERNANDEZ' and was scared that if she did not engage in some way with HERNADEZ that he would further physically abuse her

R&K RODRIGUEZ & KING ATTORNEYS AT LAW

and was also scared he would not sign off on hours that were ordered to be completed During the course of the conversation, HERNANDEZ told her that if she wanted to have her hours signed off on, she would have to meet him at a hotel room after work to have sex.

24. At said time, MS. FARIAS pretended to engage with HERNANDEZ, which allowed for MS. FARIAS to successfully run away from HERNANDEZ. Immediately after exiting.

25. MS. FARIAS left the baggage room the opposite way of HERNANDEZ and hid in fear outside of the Anaheim station until she was sure that HERNANDEZ was gone for the day.

26. After HERNANDEZ left the Anaheim station, MS. FARIAS reported the incident to an AMTRAK employee.

27. As a result of HERNANDEZ' sexual harassment and discrimination of PLAINTIFF, MS. FARIAS was required to retain the legal services of an attorney and has thus incurred damages in form of legal expenses.

28. MS. FARIAS suffered monetary damages, and other consequential damages legally caused by DEFENDANTS' conduct.

29. As a result of the conduct by DEFENDANTS in the workplace, MS FARIAS has experienced and developed stress-related symptoms including: depression, anxiety, headaches, irritability, humiliation, fear, and loss of self-esteem. Other significant symptoms included deficits in her attention, memory and concentration.

30. As a further result of DEFENDANTS conduct, MS. FARIAS has experienced general and special damages in excess of the minimal jurisdictions of this Court, in an to be determined at the time of trial.

IV.

**FIRST CAUSE OF ACTION**
**SEXUAL HARASSMENT - HOSTILE WORK ENVIRONMENT**
**(AGAINST ALL DEFENDANTS)**

31. MS. FARIAS hereby incorporates by reference Paragraphs 1 through 30, inclusive, as though set forth here in full, unless said paragraph contradicts the cause of action stated herein.

32. MS. FARIAS alleges the DEFENDANTS violated the FEHA, Cal. Gov. Code § 12940(j), by harassing her on the basis of his gender.

33. DEFENDANTS' harassment was hostile, abusive and created a hostile work environment for Plaintiff.

34. The harassment was continuous, severe, and pervasive.

35. Such harassment was unwelcome, humiliating, offensive, and adversely affected the terms and conditions of MS. FARIAS' employment.

36. MS. FARIAS was subjectively offended by DEFENDANTS' conduct; any reasonable person in PLAINTIFF'S position would perceive DEFENDANTS' conduct as being offensive, hostile, and abusive.

37. AMTRAK, through its owners, officers, managers and managing agents, including but not limited to HERNANDEZ, committed, authorized and/or ratified the acts herein alleged maliciously, fraudulently and oppressively with the wrongful intention of injuring MS. FARIAS, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of MS. FARIAS. MS. FARIAS is informed and believes that AMTRAK knew, or should have known of the probable injurious consequences of HERNANDEZ' continued employment, but deliberately failed to avoid these



R&K RODRIGUEZ & KING ATTORNEYS AT LAW

consequences by deliberately choosing to continue HERNANDEZ' employment, deliberately failing to restrain him from engaging in unlawful, sexually discriminatory and hostile harassment and deliberately failing to adequately train him, all in conscious disregard of the rights of MS. FARIAS. In light of AMTRAK'S willful, knowing and intentional acts against MS. FARIAS, she seeks an award of punitive and exemplary damages in an amount according to proof.

38. DEFENDANTS, its supervisors other managing partners and/or directing agents, knew or should have known of the conduct and failed to take immediate and appropriate corrective action thus making AMTRAK liable under the Respondeat Superior theory of liability.

39. DEFENDANTS' discriminatory conduct toward MS. FARIAS caused her emotional injury, including, but not limited to, humiliation, anxiety, fear, and loss of self-esteem.

40. DEFENDANTS' conduct was a substantial factor in causing MS. FARIAS to suffer damages.

41. As an actual and proximate result of DEFENDANTS' conduct, MS. FARIAS suffered damages as alleged above.

**V.**

**SECOND CAUSE OF ACTION**
**QUID PRO QUO SEXUAL HARASSMENT**
**(AGAINST ALL DEFENDANTS)**

42. MS. FARIAS hereby incorporates by reference Paragraphs 1 through 41, inclusive, as though set forth here in full, unless said paragraph contradicts the cause of action stated herein.

R&K RODRIGUEZ & KING ATTORNEYS AT LAW

43. MS. FARIAS was employed by AMTRAK as a community service worker as assigned or agreed to by the COUNTY OF ORANGE.

44. Beginning on or September 11, 2014, HERNANDEZ subjected MS. FARIAS to unwelcome physical, verbal, and visual conduct of sexual nature, which harassment was based on MS FARIAS' gender.

45. HERNANDEZ conditioned his signature on MS. FARIAS' community service papers for acceptance of his conduct. MS. FARIAS rejected HERNANDEZ' sexual advances and complained to AMTRAK.

46. At all times mentioned herein, HERNANDEZ had the authority to condition the signature of MS. FARIAS' community service papers and other disfavorable treatment by being her supervisor, manager, and/or managing agent for AMTRAK.

47. DEFENDANTS, its supervisors, and, or, agents knew or should have known of the conduct and failed to take immediate and appropriate correction action thus making AMTRAK liable under the Respondeat Superior theory of liability.

48. DEFENDANTS' discriminatory conduct toward MS. FARIAS caused her emotional injury, including, but not limited to, humiliation, anxiety, fear, and loss of self-esteem.

49. DEFENDANTS' conduct was a substantial factor in causing MS. FARIAS to suffer damages.

50. As an actual and proximate result of DEFENDANTS' conduct, MS. FARIAS suffered damages as alleged above.

///

///

///

R&K RODRIGUEZ & KING ATTORNEYS AT LAW

VI.

**THIRD CAUSE OF ACTION**
**FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT**
**(Against AMTRAK, COUNTY OF ORANGE and DOES 1-10)**

51. MS. FARIAS refers to and incorporates by this reference, the allegations contained in paragraphs 1 through 50 of this complaint as through fully set forth herein, unless said paragraph contradicts the cause of action state herein.

52. Defendants, AMTRAK, COUNTY OF ORANGE, and/or DOES 1-10, knew or reasonably should have known of HERNANDEZ' propensity for engaging in unlawful discriminatory and harassing willful conduct in the workplace, and that HERNANDEZ should not have been employed by AMTRAK. COUNTY OF ORANGE knew or should have known that HERNANDEZ had a propensity to engage in unlawful discriminatory and harassing conduct of AMTRAK employees and community service workers. Furthermore, AMTRAK and/or COUNTY OF ORANGE should have restrained HERNANDEZ from engaging in unlawful, discriminatory and sexually hostile conduct and should have provided training and instruction to him on the laws pertaining to sexual harassment. AMTRAK and/or COUNTY OF ORANGE failed to take all reasonable steps necessary to prevent or stop discrimination and sexual harassment from occurring.

53. At all times herein mentioned, Cal. Gov. Code § 12940(k) (formerly section 12940(i)) was in full force and effect and was binding on AMTRAK, COUNTY OF ORANGE and/or DOES 1 through 10. This subsection requires AMTRAK, COUNTY OF ORANGE and/or DOES 1 through 10 to take all reasonable steps necessary to prevent discrimination and harassment from occurring. As alleged above, AMTRAK, COUNTY

RODRIGUEZ & KING
ATTORNEYS AT LAW

OF ORANGE and/or DOES 1 through 10, violated this subsection by failing to take all reasonable steps necessary to prevent harassment from occurring.

54. MS. FARIAS is informed and believes and thereupon alleges that AMTRAK, COUNTY OF ORANGE, and/or DOES 1-10 failed to provide adequate training to their owners supervisors, and managers.

55. As a direct and proximate result of AMTRAK, COUNTY OF ORANGE, and/or DOES 1-10 conduct, MS. FARIAS suffered damages as alleged above.

VII.

**FOURTH CAUSE OF ACTION**
**SEXUAL ASSAULT AND BATTERY**
**(AGAINST HERNANDEZ AND AMTRAK)**

56. MS. FARIAS refers to and incorporates by this reference, the allegations contained in paragraphs 1 through 55 of this complaint as though fully set forth herein, unless said paragraph contradicts the cause of action stated herein.

57. On September 11, 2014, Defendant HERNANDEZ committed a sexual assault and battery upon MS. FARIAS by physically touching the PLAINTIFF in an intimate part of her body, breasts and vagina, with the intent to cause a harmful or offensive contact, during work shifts at AMTRAK.

58. The harmful and offensive contact offended MS. FARIAS in her person and dignity and would have offended a reasonable person's sense of dignity.

59. As a direct and proximate result of HERNANDEZ' conduct, MS. FARIAS has suffered and will continue to suffer mental suffering, extreme and severe mental anguish and emotional distress, she has incurred medical expenses, and will continue accrue medical expenses, she has and will continue to suffer. MS. FARIAS is thereby entitled to general

and special damages that exceed the minimal jurisdiction of this court and will be proven at the time of trial.

60. Defendant HERNANDEZ wrongfully assaulted MS. FARIAS when he abused his power of being MS. FARIAS' supervisor and/or managing employee of AMTRAK.

61. Under information and belief, pursuant to Civil Code § 1708.5(3)(b), AMTRAK is liable individually and under respondeat superior of liability for the MS. FARIAS' damages including but not limited to general, special and punitive damages based on knowledge or ratification.

62. Said harmful and offensive contacts, i.e., the inappropriate touching of MS. FARIAS' private parts, sexual assault, and sexual battery against MS. FARIAS was committed by Defendant HERNANDEZ and were willful, wanton, malicious, and oppressive. Such acts were committed with the intent to injure, harm, and sexually humiliate MS. FARIAS. Moreover, Defendant HERNANDEZ took advantage of his position of trust as supervisor and/or managing employee and committed the sexual assault against MS. FARIAS. As such, said conduct justifies the awarding of exemplary and punitive damages as to Defendant HERNANDEZ in an amount to be proven at trial.

## VIII.

## FIFTH CAUSE OF ACTION
## FALSE IMPRISONMENT
## (AGAINST HERNANDEZ AND AMTRAK)

63. MS. FARIAS refers to and incorporates by this reference, the allegations contained in paragraphs 1 through 62 of this complaint as though fully set forth herein, unless said paragraph contradicts the cause of action stated herein.

64. On September 11, 2014, MS. FARIAS was forced into the baggage room of the AMTRAK'S Anaheim station by HERNANDEZ. HERNANDEZ intentionally closed the



R&K RODRIGUEZ & KING ATTORNEYS AT LAW

door and blocked the only exit path from the room. HERNANDEZ refused to allow MS. FARIAS to leave while engaging in unlawful touching of MS. FARIAS.

65. MS. FARIAS was deprived of her freedom to move and/or escape due to intentional physical acts of, HERNANDEZ closing the door and blocking MS. FARIAS only exit path.

66. At said time, HERNANDEZ intentionally acted without any consent from the MS. FARIAS, and such conduct, was the substantial factor in causing her catastrophic injuries, which was the actual and legal of cause of MS. FARIAS damages.

67. At said time, Defendant HERNANDEZ wrongfully assaulted MS. FARIAS when he abused his power of being MS. FARIAS' supervisor and/or managing employee of AMTRAK.

68. Under information and belief, Pursuant to Civil Code Section 1708.5(3)(b), pursuant to Civil Code § 1708.5(3)(b), AMTRAK is liable individually and under respondeat superior of liability for the MS. FARIAS' damages, including but not limited to general, special and punitive damages based on knowledge or ratification.

69. Defendant HERNANDEZ acts were willful, wanton, malicious, and oppressive. Such acts were committed with the intent to injure, harm, and sexually humiliate MS. FARIAS. Moreover, Defendant HERNANDEZ took advantage of his position of trust as supervisor and/or managing employee when he falsely imprisoned MS. FARIAS. As such, said conduct justifies the awarding of exemplary and punitive damages as to Defendant HERNANDEZ in an amount to be proven at trial.

///

///

R&K RODRIGUEZ & KING ATTORNEYS AT LAW

RODRIGUEZ & KING
ATTORNEYS AT LAW

**IX.**

**SIXTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST JOHN HERNANDEZ)**

70. MS. FARIAS refers to and incorporates by this reference, the allegations contained in paragraphs 1 through 69 of this complaint as though fully set forth herein, unless said paragraph contradicts the cause of action stated herein.

71. On September 11, 2014, HERNANDEZ' conduct and/or actions were outrageous insomuch as he abused his position of authority as a supervisor and/or managing employee; such conduct was so extreme it exceeds all possible bounds of decency expected in society.

72. At said time, HERNANDEZ' conduct and/or actions were intended to cause and/or recklessly caused MS. FARIAS to suffer severe emotional distress.

73. As an actual and proximate result of HERNANDEZ' conduct, MS. FARIAS suffered and continue to suffer from severe emotional distress.

74. As a result of said actions of HERNANDEZ, MS. FARIAS suffered and continues to suffer emotional distress which includes: anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. HERNANDEZ' conduct was willful, wanton, malicious, and/or oppressive. Such acts were committed with the intent to injure, harm, and humiliate MS. FARIAS. As a result, said conduct justifies the awarding of exemplary and punitive damages as to HERNANDEZ in an amount to be proven at trial.

///

///

///

X.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST JOHN HERNANDEZ)**

75. MS. FARIAS refers to and incorporates by this reference, the allegations contained in paragraphs 1 through 30 of this complaint as though fully set forth herein, unless said paragraph contradicts the cause of action stated herein.

76. On September 11, 2014, HERNANDEZ' conduct and/or actions of touching, groping, fondling, and/or touching the private parts of MS. FARIAS' body, were negligently done to cause MS. FARIAS to suffer serious emotional distress.

77. At said time, HERNANDEZ' negligent conduct and/or actions were the substantial cause of MS. FARIAS' serious emotional distress.

78. As a result of said actions of HERNANDEZ, MS. FARIAS suffered and continues to suffer serious emotional distress which includes: anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

79. As an actual and proximate result of HERNANDEZ' negligent conduct, MS. FARIAS suffered and continues to suffer from serious emotional distress.

XI.

**EIGHTH CAUSE OF ACTION**
**NEGLIGENT HIRE, SUPERVISION, AND RETENTION**
**(AGAINST AMTRAK)**

80. MS. FARIAS refers to and incorporates by this reference, the allegations contained in paragraphs 1 through 55 and 75 through 79 of this complaint as though fully set forth herein, unless said paragraph contradicts the cause of action stated herein.

RODRIGUEZ & KING
ATTORNEYS AT LAW

81. Defendant, AMTRAK, had a duty of care to hire, train, monitor and supervise competent employees to ensure compliance with all laws, policies, regulations and/or rules in order to protect the welfare of individuals similarly situated to MS. FARIAS.

82. MS. FARIAS is informed and believes, and based on that information and belief alleges, that AMTRAK breached their duty by negligently hiring, training, supervising, retaining, employing and/or managing their employees; and thus, AMTRAK was not in compliance with all laws, policies, regulations and/or rules concerning the safety of employees like MS. FARIAS under their care.

83. MS. FARIAS is informed and believes an thereon alleges that during her employment AMTRAK knew or should have known that HERNANDEZ was not qualified and unfit to supervise, manage, and/or control other employees like MS. FARIAS.

84. As a direct and proximate result of the negligent, reckless, and/or careless acts of AMTRAK, MS. FARIAS has suffered from general and special damages which exceed the minimal jurisdictional requirements of this Court.

**XII.**

**NINTH CAUSE OF ACTION**
**NEGLIGENCE**
**(AGAINST COUNTY OF ORANGE and/or DOES 1-10)**

85. MS. FARIAS refers to and incorporates by this reference, the allegations contained in paragraphs 1 through 55 and 75 through 84 of this complaint as though fully set forth herein, unless said paragraph contradicts the cause of action stated herein.

86. Defendant COUNTY OF ORANGE and/or DOES 1 through 10, had a duty of care to monitor and supervise locations of assignments for community service workers to ensure the assignment is a reasonably safe work environment free from harassment and/or discrimination.



R&K RODRIGUEZ & KING ATTORNEYS AT LAW

87. Defendant COUNTY OF ORANGE and/or DOES 1 through 10, either by agreement or assignment sent MS. FARIAS to complete community service hours for AMTRAK. At said time, COUNTY OF ORANGE and/or DOES 1-10, knew or should have known that that AMTRAK's working environment was in direct breach of said duty.

88. As a direct and proximate result of said breach, MS. FARIAS has incurred general and special damages in an amount that exceeds the minimal jurisdictions of this court.

**XIII.**

**TENTH CAUSE OF ACTION**
**VIOLATION OF THE BANE ACT; CIVIL CODE 52.1**
**(AGAINST ALL DEFENDANTS)**

89. MS. FARIAS refers to and incorporates by this reference, the allegations contained in paragraphs 1 through 88 of this complaint as though fully set forth herein, unless said paragraph contradicts the cause of action stated herein.

90. Pursuant to *Civ. Code* § 52.1(a) and (b) "If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state...(b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages..." DEFENDANTS have engaged in a systematic effort through threats, intimidation, and/or coercion to interfere and/or attempt to interfere against PLAINTIFF'S rights under state laws or afforded under Gov. Code § 12900 et seq.. As a

R&K RODRIGUEZ & KING ATTORNEYS AT LAW

direct and proximate result, MS. FARIAS felt threatened and intimidated by DEFENDANTS.

91. As a further direct and proximate result of DEFENDANTS conduct, PLAINTIFF was harmed and DEFENDANTS conduct was the substantial factor in causing that harm.

92. In addition to general and special damages, PLAINTIFF seeks civil penalties, attorney's fees and litigation costs against DEFENDANTS.

93. The actions of DEFENDANTS were despicable, vile, malicious and oppressive. DEFENDANTS actions should not be tolerated by a civilized society. As a result, all Defendants, are responsible for punitive and exemplary damages in a sum according to proof at time of trial, and a sum sufficient to set an example and punish individual defendants for their wrongdoing.

## XIV.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, AQUELINA FARIAS prays for judgment against DEFENDANTS, as follows:

**As to the First, Second, and Third Causes of Action:**

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;
2. For a money judgment for mental pain and anguish and emotional distress, according to proof;
3. For costs of suit and attorney fees;
4. For prejudgment and post judgment interest;

5. For attorney fees pursuant to C.C.P. § 1021.5 and Cal. Gov. Code § 12965(b).

6. For punitive damages as allowed by law;

7. For any other relief that is just and proper.

**As to the Fourth, Fifth and Sixth Cause of Action:**

1. For general damages according to proof;

2. For special damages according to proof;

3. For such loss of earnings and earning capacity according to proof;

4. For the reasonable value of such medical expenses, x-rays, laboratory procedures, hospitalization, nursing care, and attention and drugs, according to proof;

5. For interest on Plaintiff's damages as allowed by law;

6. For costs of suit incurred herein;

7. For Punitive or Exemplary Damages according to proof and allowed by law under California Civil Code § 3294;

8. For such other and further relief as the court may deem just and proper.

**As to the Seventh, Eighth and Ninth Causes of Action:**

1. For general damages according to proof;

2. For special damages according to proof;

3. For such loss of earnings and earning capacity according to proof;

4. For the reasonable value of such medical expenses, x-rays, laboratory procedures, hospitalization, nursing care, and attention and drugs, according to proof;

5. For interest on Plaintiff's damages as allowed by law;

6. For costs of suit incurred herein;

R&K RODRIGUEZ & KING ATTORNEYS AT LAW

7. For such other and further relief as the court may deem just and proper.

**As to the Tenth Causes of Action**

1. General damages in a sum according to proof;
2. Special damages in a sum according to proof at trial;
3. Loss of income incurred and to be incurred according to proof;
4. For interest provided by law including, but not limited to, California Civil Code Section 3291;
5. For attorney's fees as allowed by law;
6. Costs of suit and for such other and further relief as the court deems proper.

**JURY TRIAL DEMAND**

PLAINTIFF hereby demands a jury trial on all causes of action, claims, and issues that may be tried by jury.

RODRIGUEZ & KING, ATTORNEYS AT LAW

Dated: 3.19.15

By: ______________________
Rob A. Rodriguez, Esq., Attorney for Plaintiff.
Aquelina Farias

R&K RODRIGUEZ & KING ATTORNEYS AT LAW

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TTY 800-700-2320
www.dfeh.ca.gov

Sep 09, 2014

Aquelina Farias-Toledo
817 S. Halladay
Santa Ana California 92701

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 368850-126277
Right to Sue: Farias-Toledo /

Dear Aquelina Farias-Toledo,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Sep 09, 2014 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing