**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0633 DOC (AJWx)            Date: August 11, 2015

Title: AQUELINA FARIAS V. NATIONAL RAILROAD PASSENGER CORPORATION, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) [11] AND GRANTING ORANGE COUNTY'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) [19]

      Before the Court are Defendant National Railroad Passenger Corporation's ("Amtrak") Motion to Dismiss ("Amtrak Motion") (Dkt. 11) and Defendant County of Orange's ("Orange County") Motion to Dismiss ("Orange Motion") (Dkt. 19). The Court finds these matters appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court hereby GRANTS IN PART and DENIES IN PART Amtrak's Motion and GRANTS Orange County's Motion.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-0633-DOC (AJWx) | Date: August 11, 2015 |
| | Page 2 |

## I. BACKGROUND

After she pled guilty to reckless driving, Plaintiff was ordered to complete community service by Orange County, in lieu of paying fines and as directed by "OneOC," Orange County's nonprofit resource center. Def.'s Request for Judicial Notice ("RJN") (Dkt. 12) Ex. C at 6.[1] Plaintiff completed those hours at Amtrak's property in Anaheim, California in September 2013. First Amended Complaint ("FAC") (Dkt. 10) ¶ 16. Plaintiff alleges she was sexually harassed by her supervisor, John Hernandez ("Hernandez"), while completing those hours, *id.* ¶¶ 17-24, and sues Amtrak, Hernandez, and Orange County. *Id.* ¶¶ 16-32.

Plaintiff filed suit in Orange County Superior Court on March 19, 2015. *See* Compl. (Dkt 1-1). Defendant filed a Notice of Removal on April 21, 2015. *See* Notice of Removal (Dkt 1). Plaintiff filed a FAC on May 15, 2015. *See* FAC. The FAC asserts ten state law claims: (1) sexual harassment-hostile work environment; (2) quid pro quo sexual harassment; (3) failure to prevent discrimination and harassment; (4) sexual assault and battery; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) negligent hire, supervision and retention; (8) negligence; (9) discrimination based on gender; and (10) retaliation. *Id.* at 1. Plaintiff asserts the first, second, third, fourth, seventh, ninth, and tenth claims against Defendant Amtrak and the first, second, third, eighth, and ninth claims against Defendant Orange County.

Amtrak filed a Motion to Dismiss on May 29, 2015 (Dkt. 11). Plaintiff filed an Opposition on June 15, 2015 ("Amtrak Opp'n") (Dkt. 15). Amtrak filed a Reply on June 22, 2015 ("Amtrak Reply") (Dkt. 17).

---

[1] Amtrak requests that the Court take judicial notice of:
- Plaintiff Aquelina Farias's ("Plaintiff") Worker's Compensation Claim, RJN Ex. A;
- Plaintiff's Notice of Complaint, Complaint, and Misdemeanor Plea for Reckless Driving (collectively "Court Documents"), *id.* Ex. B;
- The Minutes of the California Superior Court in Orange County, for Plaintiff's criminal case ("Minutes"), *id.* Ex. C;
- A Community Service Workers Sign-In Sheet ("Sign-In Sheet"), *id.* Ex. D, and;
- A letter from OneOC certifying that Plaintiff completed 42 hours of Community Service ("Letter"), *id.*

A court may take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot be reasonable questioned. Fed. R. Ev. 201(b)(2). As is relevant to the present Motion, the Court takes Judicial Notice of the Court Documents and Minutes of the criminal case.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-0633-DOC (AJWx)                                               Date: August 11, 2015
                                                                                                                             Page 3

      Orange County filed a Motion to Dismiss on July 15, 2015 (Dkt. 19). Plaintiff filed an Opposition on July 27, 2015 ("Orange Opp'n") (Dkt. 21). Orange County filed a Reply on August 3, 2015 ("Orange Reply") (Dkt. 22).

### A.     Legal Standard

      Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

      In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

      Additionally, the court may take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). For instance, the court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) [] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that the court may take judicial notice of "undisputed matters of public record," including "documents on

file in federal or state courts," as well as "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents").

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## II.　DISCUSSION

Amtrak moves to dismiss the first, second, third, seventh, ninth, and tenth claims on the grounds that Plaintiff was not Amtrak's employee when the alleged sexual harassment took place. *See generally* Amtrak Motion. It also argues that Plaintiff alleged insufficient facts to support the negligent hiring claim or punitive damages. Orange County moves to dismiss Plaintiff's first, second, third, and ninth claims on the grounds that Plaintiff was not Orange County's employee. *See generally* Orange Motion. It also invokes the California Tort Claims Act to dismiss Plaintiff's negligence claim. *Id.*

### A.　The Fair Employment and Housing Act Claims

Amtrak moves to dismiss Plaintiff's first, second, third, ninth, and tenth claims, grounded in California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq*, for failure to state a claim. Amtrak Motion at 1-2. Amtrak argues Plaintiff was not Amtrak's employee, and therefore cannot claim protection under FEHA. *Id*. Orange County moves to dismiss Plaintiff's first, second, third, and ninth claims on the grounds that Plaintiff has not alleged sufficient facts to show that she was Orange County's employee. Orange Mot. at 1-2.

#### 1.　Determining the Definition of "Employee" under FEHA

"In order to recover under the discrimination in employment provisions of the FEHA, the aggrieved plaintiff must be an employee." *Estrada v. City of Los Angeles*, 218 Cal. App. 4th 143, 148 (2013) (quoting *Shepard v. Loyola Marymount Univ*. 102 Cal. App. 4th 837, 842 (2002) (internal quotation marks omitted).

The statutory language of FEHA, California Government Code § 12926(c), provides no guidance as to whether Plaintiff was an "employee" of either Amtrak or

Case 8:15-cv-00633-DOC-AJW Document 26 Filed 08/11/15 Page 5 of 12 Page ID #:336

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0633-DOC (AJWx)            Date: August 11, 2015
                                                                                                                                                                Page 5

Orange County under FEHA. "[S]ection 12926, subdivision (c) only provides a description of what is *not* an employee." *Shepard*, 102 Cal. App. 4th at 842 (emphasis in original). Given the lack of legislative guidance, courts have examined employee status through comparison with analogous statutes and regulations, including FEHA's regulatory definition, the California Labor Code, and Title VII of the federal Civil Rights Act. *See Estrada*, 218 Cal. App. 4th 143; *Mendoza v. Town of Ross*, 128 Cal. App. 4th 625 (2005); *Shepard*, 102 Cal. App. 4th 837.

### a.     Department of Fair Employment and Housing Definition

"[W]hile interpretation of a statute…is ultimately a question of law, [courts] must also defer to an administrative agency's interpretation of a statute or regulation involving its area of expertise." *Cmtys. for a Better Env't v. State Water Res. Control Bd.*, 109 Cal. App. 4th 1089, 1104 (2003). The Department of Fair Employment and Housing ("DFEH"), created by FEHA, defines an employee as "[a]ny individual under the direction and control of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written." Cal. Code Regs. tit. 2, § 1100.

In *Mendoza*, the court of appeals sustained the Town of Ross's demurrer because a volunteer "Community Service Officer" was not a municipal employee under the DFEH definition.

> The FAC contains no allegation that [a proper appointment by the town council, as required by local regulation, Rule 3.5.1] was made in Mendoza's case, nor did Mendoza make any proffer in response to the Town's request for judicial notice that he was appointed to his CSO position in accordance with Rule 3.5.1. The Town persuasively argues that since the Town's appointment process was not initiated, Mendoza was not appointed, and does not fall under the FEHA employee category as an appointee.

*Mendoza*, 128 Cal. App. 4th at 633; *see also Estrada*, 218 Cal. App. 4th at 153 (holding that a volunteer was not an employee under FEHA, in part because of the fact that, pursuant to the language of L.A. Administrative Code section 22.227, while Estrada was "appointed" to the position it did not qualify as employment under applicable city regulations).

### b.     California Labor Code Definition

California courts evaluating whether individuals are employees under FEHA also look to the California Labor Code as persuasive authority. *Estrada*, 218 Cal. App. 4th at 150; *Mendoza*, 128 Cal. App. 4th at 634-35. The California Labor Code denies employee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0633-DOC (AJWx)            Date: August 11, 2015
                                                                                                                 Page 6

status to "[a]ny person performing voluntary service for a public agency or a private, nonprofit organization who receives no remuneration for the services other than meals, transportation, lodging or reimbursement for incidental expenses." Cal. Labor Code § 3352(i).

The California Supreme Court has held that, for purposes of worker's compensation, persons completing court-ordered community service in lieu of fines are employees of both the agency ordering them to perform the hours and the agency with whom the work is performed. *Arriaga v. Cnty. of Alameda*, 9 Cal. 4th 1055 (1995). "[A] person who works in order to comply with a court order to pay a fine…is not acting free of compulsion, and therefore is not 'performing voluntary service' within the meaning of section 3352, subdivision (i)." *Id.* at 1064 (internal quotation marks in original). The court further noted that the plaintiff, by receiving credit against the court-imposed fine, "received remuneration sufficient to render section 3352, subdivision (i), inapplicable." *Id.* at 1065.

                 c.         **Title VII Test**

California courts often looks to the Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, for guidance in evaluating FEHA claims. *Grosz v. Boeing Co.*, 455 F. Supp. 2d 1033, 1039 (C.D. Cal. 2006); *Mendoza*, 128 Cal. App. 4th at 635. Title VII similarly lacks a precise definition of an employee: an employee is "an individual employed by an employer." 42 U.S.C. § 2000e(f). However, "[a] primary factor in determining that an employer-employee relationship exists is the employer's right to control the means and manner of the worker's performance." *Rush v. Watkins Motor Lines, Inc.*, 58. Fed. App'x 320, 321 (9th Cir. 2003); *accord Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980).

For Title VII claims, "[t]he absence of any direct or indirect remuneration from the defendant to the plaintiff…is at least strong evidence that an employment relationship did not exist." *Vernon v. State*, 116 Cal. App. 4th 114, 126 (2004) (applying a Title VII analysis to a FEHA claim). Remuneration is weighed against other factors, including the employer's control over a worker and the employer's discretion to discipline workers. *Id.*

        2.         **Application**

                 a.         **Amtrak**

Considering the aforementioned tests, finding *Arriaga* most persuasive, Plaintiff has adequately alleged that she was Amtrak's employee. Amtrak participated in OneOC, accepting court-ordered workers. Amtrak invited Plaintiff onto its property, assigned her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 15-0633-DOC (AJWx) | Date: August 11, 2015 |
| | Page 7 |

tasks, and received the benefits of her labor. In so doing, Amtrak may have permitted OneOC to appoint Plaintiff as its employee for FEHA purposes. Although the allegations in the FAC as to Plaintiff's relationship with Amtrak are sparse, they have raised her right to relief, as an employee under FEHA, above a speculative level.

Amtrak relies heavily on *Solesbee v. County of Inyo*, No. 1:13-CV-1548 AWI JLT, 2014 WL 3890680 (E.D. Cal. Aug. 7, 2014), to argue that Plaintiff was not its employee. Mot. at 6-9. There, a prisoner participating in a work-release program alleged sexual harassment by a supervisor and sued under FEHA. *Id*. The court dismissed the plaintiff's FEHA claims with prejudice, finding that the plaintiff was "not an employee for purposes of FEHA." *Id*. at *8.

The court concluded that "any meaningful control over Plaintiff's work was established by the Sheriff's Department pursuant to the limitations imposed by Penal Code 4024.2…not by any relationship between Plaintiff and [defendant.]" *Id.* at *4. That section grants a sheriff or the county board of supervisors control over many variables typically determined by an employer, including hours worked, appropriate clothing, and disciplinary measures. *See generally* Cal. Penal Code § 4024.2.

Here, Plaintiff completed "various assignments and job duties" for Amtrak while being supervised and managed by Amtrak's employee, Hernandez. FAC ¶¶ 16-17. The FAC does not thoroughly describe Amtrak's control over Plaintiff. Nonetheless, none of the materials in Amtrak's RJN precludes, or even opposes, a reasonable inference that Amtrak, via Hernandez, exercised sufficient control over Plaintiff to make FEHA protections available. While discovery may show that Plaintiff was not an employee of Amtrak due to its lack of control over Plaintiff's duties, tools, clothing, dates and times of appearance, or other variables, the facts alleged in the FAC do not.

The only compensation the plaintiff in *Solesbee* received was "being released to home at the end of the work day and the opportunity to be more or less free during off hours." 2014 WL 3890680, at *5. In contrast, Plaintiff worked "in lieu of fines." RJN Ex. C at 6. Plaintiff was not paid wages as a typical employee, but neither did she receive "no compensation" like the plaintiff in *Solesbee*. *Solesbee*, 2014 WL 3890680, at *5.

Under California law, whether Plaintiff was Amtrak's employee is largely a question of fact. The facts may reveal that Plaintiff was not, in fact, Amtrak's employee. However, in the FAC, Plaintiff has pled sufficient facts to raise her right to relief beyond a speculative level. Therefore, the Court DENIES Amtrak's Motion on this ground.

    **b.**  **Orange County**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0633-DOC (AJWx)                                        Date: August 11, 2015
                                                                                                                                 Page 8

       By contrast, Plaintiff has alleged no facts to support an inference that Orange County exercised sufficient control over her to create an employer-employee relationship. The Court accepts as true, for purposes of this Order, that Orange County sent Plaintiff to Amtrak to complete community service hours. However, Orange County only appears, by name, in the first paragraph of the "General Allegations" section of the Complaint. *See* Compl. ¶¶ 16-32. Plaintiff provides no further facts to paint a plausible scenario under which she was Orange County's employee.[2]

       Because Plaintiff has not alleged any facts that Orange County controlled her actions while working, or that there were any other indicia of an employer-employee relationship, the court GRANTS Orange County's Motion on this ground and the FEHA claims against Orange County are DISMISSED WITHOUT PREJUDICE.

### 3.      Plaintiff's Status as a Volunteer

       In her oppositions, Plaintiff suggests that even if she is not an "employee" she may claim protection under FEHA as a "volunteer" pursuant to § 12940(j)(1). Amtrak Opp'n at 12:12-24; Orange Opp'n at 7-10. Amtrak argues that Plaintiff cannot "inject new allegations into the FAC via her opposition papers." Amtrak Reply at 2:1-2. Orange County argues that the amendment granting FEHA protection to volunteers cannot apply retroactively. Orange Reply at 4.

       As currently drafted, the FAC does not contain sufficient allegations that Plaintiff was a "volunteer," as opposed to an employee, under FEHA. Therefore, any arguments concerning whether she was a volunteer appear premature. Insofar as she can make such allegations in a subsequent complaint, for efficiency's sake, the Court will address now the application of the relevant statutory amendment.

       Assembly Bill 1443 ("the Amendment"), amending §12940(j)(1) of FEHA to extend FEHA protection to volunteers and unpaid interns, was adopted on September 9, 2014. Stats. 2014, c. 302 (A.B. 1443), §1, eff. Jan 1, 2015. The alleged harassment occurred on or about September 11, 2013. FAC ¶ 18. For §12940(j)(1) to apply as modified, the Amendment must apply retroactively.

       "Generally, statues operate prospectively only." *Myers v. Philip Morris Companies, Inc.*, 28 Cal. 4th 828, 840 (2002). The California Supreme Court addressed the retroactivity of FEHA amendments in *Carter v. California Dept. of Veterans Affairs*,

---

[2] In its Reply, Orange County argues that Resolution 73-170, passed by the Orange County Board of Supervisors, precludes Plaintiff from claiming she was an employee. Orange Reply at 7:26-8:4. However, the Resolution's repeated references to inmates makes it appear inapplicable to the instant scenario. Plaintiff was never sentenced to jail. *See generally* Court Documents; *see also* Minutes.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SACV 15-0633-DOC (AJWx) | Date: August 11, 2015 |
| | Page 9 |

38 Cal 4th 914 (2006). The *Carter* court concluded that statutory amendments to FEHA are retroactive when the amendment "clarifies, rather than changes, existing law." *Id*. at 922. To answer that question, the court investigated the legislative intent behind the amendment and asked whether the statute, prior to amendment, could be reasonably construed as already expressing the amendment's content; if it could not, the amendment changed the statute rather than clarified it. *Id.*

The Court finds scant evidence that the California Legislature intended this amendment to act retroactively. Plaintiff's statement that the Amendment was passed "in response to dictum found in *Mendoza* and *Estrada*," Amtrak Opp'n at 11:8, does not fully account for the context of the bill. Instead, the relevant legislative history shows that *Estrada* was one driving factor for the Amendment, along with the "increasingly common phenomenon" of unpaid work and internships.[3]

Furthermore, the court in *Carter* found support for retroactivity in the Legislature's express statement: "[i]t is the intent of the Legislature in enacting this act to construe and clarify the meaning and effect of existing law and to reject the interpretation given to the law in [a prior case]." *Carter*, 38 Cal 4th at 921 (quoting Stats 2003, ch. 671, § 2). There is no parallel expression of intent in the Amendment. Indeed, the Amendment states an explicit goal to "*revise* and *extend* the existing FEHA non-discrimination, harassment and reasonable accommodation obligations to interns and those in similar arrangements." Supplemental RJN, Ex. D (emphasis added). The Amendment did not clarify FEHA; it expanded its protections in response to prevalent arrangements of uncompensated internships.

Before this amendment, §12940(j)(1) could be reasonably read to include certain volunteers, but only so long as the volunteers could also be considered employees under applicable standards. Prior to the Amendment, §12940(j)(1) made it illegal "to harass an employee, an applicant, or a person providing services pursuant to a contract." Stats. 2014, c. 302 (A.B. 1443). The modified version of §12940(j)(1) applies to a broader category of volunteers and unpaid interns, who do not necessarily qualify as employees under existing law.

Therefore, the Court finds that the Amendment to § 12940(j)(1) cannot be applied retroactively. If Plaintiff is to make FEHA claims, she must do so as an employee.

---

[3] Plaintiff requests that the Court take judicial notice of the Bill Analysis for Assembly Bill 1443. Plaintiff's Supplemental Request for Judicial Notice ("Supplemental RJN") (Dkt. 21-2) Ex. D. The Court takes Judicial Notice of this legislative history.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0633-DOC (AJWx)                                          Date: August 11, 2015
                                                                                                                                  Page 10

### B.    The Negligent Hiring, Supervision, and Retention Claim against Amtrak

Amtrak moves to dismiss Plaintiff's claim that Amtrak negligently hired, supervised and retained John Hernandez, FAC ¶¶ 75-79, on the grounds that Plaintiff argues inconsistent facts to support her claims, that the facts are insufficient to support her claims, and that Plaintiff's claims are precluded by the Federal Employer's Liability Act or the California Labor Code. Mot at 10-11.

#### 1.    Plaintiff's Arguments in the Alternative

Amtrak contends that Plaintiff "argues inconsistent facts to support her claim for negligent hiring, supervision and retention." Amtrak Motion at 10:19-20. According to Amtrak, Plaintiff may not argue both that Amtrak negligently hired Hernandez, and that they "deliberately failed to restrain him from sexually harassing Plaintiff." *Id.* at 10:22-24. Amtrak also argues Plaintiff cannot claim to be suing as an employee and also as a "community service worker." *Id.* at 11:8 (internal quotation marks omitted).

"A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). The Ninth Circuit "allow[s] pleadings in the alternative-even if the alternatives are mutually exclusive." *Kingsburg Apple Packers Inc. v. Ballantine Produce Co.*, No. 1:09-CV-901-AWI-JLT, 2011 WL 587355, at *4 (E.D. Cal. Feb. 9, 2011) (citing *PAE Gov. Services, Inc., v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007)).

#### 2.    Plaintiff's Insufficient Facts

"An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009) (citing *Roman Catholic Bishop v. Superior Court*, 42 Cal. App. 4th 1556, 1564-65 (1996)). "Liability for negligent supervision requires knowledge by the principal that the agent or servant was a person who could not be trusted to act properly without being supervised." *McCliss v. Ward*, No. 207CV01154-MCE-KJM, 2008 WL 4754814, at *3 (E.D. Cal. Oct. 30, 2008) (citations omitted). "Liability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability." *Delfino v. Agilent Tech., Inc.*, 145 Cal. App. 4th 790, 815 (2006).

According to Amtrak, Plaintiff's allegation, on information and belief, that it knew or should have known that Hernandez would engage in harassment is factually insufficient to support her claim under *Iqbal*. Amtrak Motion at 12:2-6. "Although

Case 8:15-cv-00633-DOC-AJW Document 26 Filed 08/11/15 Page 11 of 12 Page ID #:342

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-0633-DOC (AJWx)                                           Date: August 11, 2015
                                                                                                          Page 11

'knowledge'…may be averred generally, [Ninth Circuit precedent] requires that the pleadings allege[] sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327.

Plaintiff has alleged no facts from which the Court could reasonably infer that Amtrak knew or should have known that John Hernandez had a propensity to engage in unlawful discriminating and harassing conduct. For example, the Plaintiff has not alleged that Hernandez had engaged in improper conduct in the past, that Amtrak had ignored complaints regarding his misconduct, or the like. *See McCliss*, 2008 WL 4754814, at *3 (allegations of knowledge sufficient where the plaintiff alleged, among other things, that the supervisor often openly hugged female subordinate co-workers, he repeatedly had female subordinate co-workers alone with him in his office, a complaint had previously been made to a supervisor against him for engaging in inappropriate and aggressive physical contact with a sedated female patient, and he had stated that female subordinate coworkers should take sexual harassment as a compliment). There are no factual allegations in the FAC from which Amtrak's knowledge could be inferred.

Therefore, Plaintiff's claim for negligent hiring, supervision, or retention fails.

### 3. Preclusion

Because the allegations otherwise fail, the Court will not reach Amtrak's alternate argument concerning the preclusive effect of the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51-60 or §§ 3600 and 3602 of the California Labor Code, in the event that Plaintiff is in fact an employee. The Defendant may raise the arguments in a subsequent motion.

### C. Plaintiff's Negligence Claim Against Orange County

Orange County seeks to dismiss Plaintiff's negligence claim for failing to provide a statutory basis for the claim, Cal. Gov't Code § 815(a), and failure to comply with the California Tort Claims Act, Cal. Gov't Code §§ 912.4, 945.4. Orange Motion at 4-6. Plaintiff does not oppose this request. Orange Opp'n at 1:23-24. Therefore, the Court grants Orange County's motion to dismiss that claim and the claim is dismissed WITH PREJUDICE.

### D. Plaintiff's Punitive Damages Claims

Amtrak seeks to dismiss Plaintiff's punitive damages claims because the FAC fails to allege specific facts demonstrating that Defendant's conduct meets the requirements of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 15-0633-DOC (AJWx) | Date: August 11, 2015 |
| | Page 12 |

§ 3294(b) of the California Civil Code. Amtrak Motion at 12:13-19. Section 3294(b) authorizes punitive damages when an employee was guilty of malice, and the employer knew of the employee's unfitness and employed him with "a conscious disregard of the rights or safety of others," *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1151 (1998), or the employer itself was guilty of the oppression, fraud, or malice.

Malice is a state of mind that can be alleged generally. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005) (while California law governs substantive claims for punitive damages, the Federal Rules of Civil Procedure govern the punitive damages claim procedurally with respect to the adequacy of pleadings). Pursuant to Rule 9(b), Plaintiff has alleged sufficient facts to raise the plausible inference that the employer itself acted with malice in its behavior after the disclosure of the harassment. FAC ¶¶ 27-28. Therefore, the FAC has raised the right to recover punitive damages above a speculative level.

## III. Disposition

For the reasons set forth above, Amtrak's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

- Plaintiff's negligent hiring, supervision, or retention claim is DISMISSED WITHOUT PREJUDICE to plead additional facts supporting an inference of knowledge.

- The Amtrak Motion is DENIED in all other respects.

Orange County's Motion to Dismiss is GRANTED.

- Plaintiff's FEHA claims are DISMISSED WITHOUT PREJUDICE.

- Plaintiff's negligence claim is DISMISSED WITH PREJUDICE.

Plaintiff may file an amended complaint, if desired, on or before September 14, 2015.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |